UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BLACK HILLS TRUCK & TRAILER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MAC TRAILER MANUFACTURING, INC., <br><br> Defendant. | CIV. 13-4113-KES <br><br> ORDER DENYING MOTION TO RECONSIDER AND GRANTING CERTIFICATION FOR INTERLOCUTORY APPEAL |

Defendant, MAC Trailer Manufacturing, Inc., moved the court to dismiss the complaint in this matter for improper venue or alternatively to transfer this case to the Northern District of Ohio. Plaintiff, Black Hills Truck & Trailer, Inc., opposed that motion. On April 14, 2014, the court entered an order denying the alternative motions. MAC now moves the court to reconsider its ruling, or alternatively to certify an interlocutory appeal. MAC bases its argument on the Supreme Court's decision in *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013). For the following reasons, MAC's motion to reconsider is denied, and MAC's motion for certification for interlocutory appeal is granted.

**BACKGROUND**

Black Hills, a South Dakota corporation and a wholly owned subsidiary of North American Truck & Trailer, Inc., is headquartered in Sioux Falls, South Dakota. MAC, an Ohio corporation, manufactures commercial trucks and

vehicles. In late 2012, Black Hills and MAC entered into a distributor selling agreement that granted Black Hills franchisee and dealer rights for the sale of certain MAC vehicles within an area of responsibility, which included seven counties in South Dakota and twelve counties in Nebraska. The agreement included a choice of law provision and a forum-selection clause, which read as follows:

> 17. [Black Hills] acknowledges and agrees that the parties entered into this Agreement in Alliance, Ohio. This Agreement and performance hereunder shall be governed by, and construed in accordance with, as to all matters, including, without limitation, validity, construction, applicability, and effect, the laws of the State of Ohio, U.S.A. Any and all proceedings relating to the subject matter hereof shall be maintained in the local courts of Stark County, Ohio, or the federal district court sitting in the Northern District of Ohio, Akron, Ohio, which court shall have exclusive jurisdiction for such purpose. [Black Hills] waives any defense of lack of personal jurisdiction in these courts.

Docket 1-1 at 16. The agreement also included notice periods for modification and termination of the agreement. *Id.* at 15.

In the summer of 2013, a dispute arose regarding the territories in which Black Hills was allowed to sell MAC products. Black Hills filed this suit in state court in South Dakota, alleging state-law claims and a violation of the Robinson-Patman Act, 15 U.S.C. § 13 *et seq.* Docket 1-1 at 11. After removing the action to federal court, MAC sought to enforce the forum-selection clause by moving to dismiss the complaint for improper venue under Rule 12(b)(3) or, alternatively, to transfer the case pursuant to 28 U.S.C. § 1404(a).

Following the submission of the briefs on the motion, the Supreme Court handed down its decision in *Atlantic Marine*. That decision clarified the proper

procedural mechanism for enforcing a forum-selection clause. *Atlantic Marine*, 134 S. Ct. at 577-80. *Atlantic Marine* also emphasized that a valid forum-selection clause should be given controlling weight in most situations, and the Supreme Court provided an altered test to apply in those circumstances. *Id.* at 581-82.

This court found that the forum-selection clause between MAC and Black Hills was not enforceable. Docket 9. The court applied federal law, relying in particular on *Union Electric Co. v. Energy Insurance Mutual Ltd.*, 689 F.3d 968 (8th Cir. 2012), and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.1 (1972). Additionally, the court examined SDCL 32-6B-49.1, which prohibits forum-selection clauses in vehicle franchise agreements.[1] Ultimately, the court found that the forum-selection clause contravened a strong public policy of the state of South Dakota and was therefore unenforceable under Eighth Circuit precedent. Because the forum-selection clause was unenforceable, the court engaged in a standard § 1404(a) analysis and determined that transfer was not appropriate under the facts of this case.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure generally do not recognize uniform standards for a court to analyze a motion to reconsider. In this case, MAC did

---

[1] SDCL 32-6B-49.1 reads in relevant part: "No franchise agreement may include any term or condition in a franchise that . . . (2) [s]pecifies the jurisdictions, venues or tribunals in which disputes arising with respect to the franchise, lease or agreement shall or may not be submitted for resolution or otherwise prevents a franchisee from bringing an action in a particular forum otherwise available under the law . . . ."

not bring its motion pursuant to a particular rule. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under Rule 54(b),[2] district courts have "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1117 (8th Cir. 2007) (quotation and citation omitted). While the specific standard for a motion made under Rule 54(b) is unclear, generally courts have found the standard "to be less exacting than would be a motion under Federal Rule of Procedure 59(e), which in turn is less exacting than the standards enunciated in Federal Rule of Procedure 60(b)." *Colombe v. Rosebud Sioux Tribe*, 835 F. Supp. 2d 736, 750 (D.S.D. 2011) (quotation and citation omitted); *see also Doctor John's, Inc. v. City of Sioux City, Ia.*, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006).

Although the court's reconsideration of interlocutory orders might be less rigorous than that of final orders for Rule 59(e) or 60(b), courts "should look to the kinds of consideration under those rules for guidance." *Doctor John's*, 438 F. Supp. 2d at 1027 (quotation and citation omitted). Like other motions to reconsider, "[i]t is generally held that a court may amend or reconsider any

---

[2] The court assumes without deciding that this motion should be construed under Rule 54(b) because the court's order on the motion to transfer is not a final order. The court's result would be the same regardless of whether it applied Rule 54(b), Rule 59(e), or Rule 60(b).

ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (quotations and citation omitted).

## DISCUSSION

### I.   Transfer Under 28 U.S.C. § 1404(a)

MAC contends that *Union Electric* is no longer good law following the *Atlantic Marine* decision. Therefore, MAC argues, the court is bound to apply the procedure under § 1404(a). MAC couples that procedure with the holding in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), which applied federal rather than state rules to venue and stated that the correct focus is whether § 1404(a) controls the transfer, rather than whether *Bremen* would enforce the forum-selection clause. According to MAC, the combination of *Atlantic Marine* and *Stewart* precludes the court from applying SDCL 32-6B-49.1.

### A.   Procedure for Enforcing Forum-Selection Clause

In *Atlantic Marine,* the Supreme Court held that a forum-selection clause has no bearing on whether venue in a particular federal district is "wrong" or "improper" because Congress has directly spoken on the issue of venue. *Atlantic Marine*, 134 S. Ct. at 577 ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in [28 U.S.C.] § 1391(b)."). Therefore, a forum-selection clause may not be enforced under Rule 12(b)(3) or 28 U.S.C. § 1406(a). *Id.* at 579. Instead, a forum-selection clause pointing to a federal

forum should be enforced under § 1404(a), and a forum-selection clause pointing to a nonfederal forum should be enforced through the doctrine of forum non conveniens. *Id.* at 580 (characterizing § 1404(a) as "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system"). The Supreme Court emphasized that " 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.' " *Id.* (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)). Importantly, the Supreme Court's discussion on these points "presuppose[d] a contractually valid forum-selection clause." *Id.* at 581 n.5.

In *Stewart*, the Eleventh Circuit sitting en banc applied *Bremen* and determined that a forum-selection clause was enforceable as a matter of federal law even though the law of the forum state disfavored forum-selection clauses. *Stewart*, 487 U.S. at 25. The Supreme Court reached the same conclusion using slightly different reasoning. *Id.* Rather than focusing on whether the forum-selection clause was valid, the Supreme Court framed the question as "whether § 1404(a) itself controls respondent's request to give effect to the parties' contractual choice of venue . . . ." *Id.* at 29. Because Congress had provided clear instructions on considering a motion to transfer, "[t]he forum-selection clause . . . should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31.

As this court stated in its order on April 14, 2014, " '[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause.' " Docket 9 at 14 (quoting *Atlantic Marine,* 134 S. Ct. at 577). The court then held that venue was appropriate in this court under 28 U.S.C. 1441(a), so dismissal under Rule 12(b)(3) was not appropriate. *Id.* Neither party disputes that venue is proper in this court pursuant to the federal venue statutes. Accordingly, the court did not err in refusing to dismiss based on improper venue and in analyzing this motion under § 1404(a).

B.     **Validity of the Forum-Selection Clause**

Before a court can determine whether to transfer a case under § 1404(a), the court must resolve the threshold question of whether the forum-selection clause is valid. *See, e.g., Vulcan Cap. Corp. v. Miller Energy Resources, Inc.*, No. 13-cv-8751 (AJN), 2014 WL 4384159, at *2 (S.D.N.Y. Sept. 4, 2014) ("When assessing a motion to transfer on the basis of a forum-selection clause, a court must first determine whether the forum-selection clause is valid and enforceable."); *Rolfe v. Network Funding LP*, No. 14-cv-9-bbc, 2014 WL 2006756, at *1 (W.D. Wis. May 16, 2014) ("The threshold question is whether the forum selection clause in the parties' agreement is valid, which is a separate question from the analysis under 28 U.S.C. § 1404 or the forum non conveniens doctrine."); *see also Atlantic Marine*, 134 S. Ct. at 581-82 & n.5 (applying a specific framework for situations involving a valid forum-selection

clause and presupposing the existence of a valid forum-selection clause). If a valid forum-selection clause exists, a court considering a motion to transfer must alter its usual § 1404(a) analysis in three ways: the plaintiff's choice of forum merits no weight, the court should not consider arguments about the parties' private interests, and the transfer will not carry the original venue's choice-of-law rules. *Atlantic Marine*, 134 S. Ct. at 581-82. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public interest considerations." *Id.* at 581.

Neither *Atlantic Marine* nor *Stewart* identify the test a court should apply to determine whether the forum-selection clause in a contract is valid. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 219, 227-28 (2d Cir. 2014) (stating that "*Atlantic Marine* did not address the extent to which the 'interest of justice' test for invalidating a forum selection clause pointing to another federal district court resembles the test developed under *Bremen* for invalidating a forum selection clause pointing to a nonfederal forum" and then applying *Bremen* to determine the validity of the forum-selection clause). MAC contends that after *Atlantic Marine* and *Stewart*, the court may only apply § 1404(a) factors and may not apply *Bremen*. *See* Docket 19 at 2 n.2. *Bremen*, however, has not been overruled by the Supreme Court. And it is unclear what test MAC believes the court should apply to determine the validity of the forum-selection clause. Furthermore, the § 1404(a) factors, to which MAC contends the court is limited, do not contain a test for determining the validity of a forum-selection

clause, although there is some overlap between the elements of the *Bremen* test and the elements of the § 1404(a) test.

Following *Atlantic Marine*, the courts have taken different approaches when examining the issue of the validity of a forum-selection clause. The majority of courts have applied *Bremen* and its progeny to determine whether to give controlling weight to a forum-selection clause and they have not distinguished between validity and enforceability of the clause.[3] Two courts relied only on contract principles without applying the familiar *Bremen*

---

[3] *See Martinez*, 740 F.3d at 227-28 (applying the Second Circuit's version of the *Bremen* test to determine the validity of a forum-selection clause); *Red Barn Motors, Inc. v. Nextgear Capital, Inc.*, No. 13-00778-BAJ-RLB, 2014 WL 4986674, at *2 (M.D. La. Sept. 29, 2014) (applying *Bremen* factors before reaching *Atlantic Marine's* modified analysis); *Bayol v. Zipcar, Inc.*, No. 14-cv-02483-TEH, 2014 WL 4793935, at *2, *4-5 (N.D. Cal. Sept. 25, 2014) (holding that a court must apply *Bremen* to determine whether a forum-selection clause is valid before engaging in *Atlantic Marine's* calculus, and invalidating a forum-selection clause based on California public policy); *Vulcan*, 2014 WL 4384159 at *2-3 (applying *Bremen* and finding that a forum-selection clause was unenforceable); *Tsai v. Karlik*, No. 4:14-CV-244 (CEJ), 2014 WL 3687201, at *2 (E.D. Mo. July 24, 2014) (recognizing the applicability of the *Union Electric* decision and *Bremen's* public policy element to a determination of the validity of a forum-selection clause post-*Atlantic Marine*); *Loeffelholz v. Ascension Health, Inc.*, No. 3:13-CV-1495-J-25JRK, 2014 WL 3817289, at *2 (M.D. Fla. June 25, 2014) (recognizing the applicability of the Eleventh Circuit's *Bremen* test post-*Atlantic Marine*); *Saladworks, LLC v. Sottosanto Salads, LLC*, No. 13-3764, 2014 WL 2862241, at *2 (E.D. Pa. June 24, 2014) (examining public policy of the forum state to determine whether a forum-selection clause was valid for purposes of *Atlantic Marine*); *Trevino v. Cooley Constructors, Inc.*, No. 5:13-CV-00924-DAE, 2014 WL 2611823, at *1-2 (W.D. Tex. June 9, 2014) (same); *Turfworthy, LLC v. Dr. Karl Wetekam & Co.*, No 1:13CV390, 2014 WL 2739280, at *8-11 (M.D.N.C. June 17, 2014) (same); *TempWorks Software, Inc., v. Careers USA, Inc.*, Civil No. 13-2750 (DSD/SER), 2014 WL 2117344, at *3-4 (D. Minn. May 21, 2014) (same); *Brenner v. Nat'l Outdoor Leadership Sch.*, Civil No. 13-02908(DSD/JJG), 2014 WL 2069364, at *4 (D. Minn. May 19, 2014) (same); *Rolfe*, 2014 WL 2006756 at *2-3 (citing *Bremen* and examining the public policy of Wisconsin to determine the validity of a forum-selection clause).

analysis.[4] One court acknowledged that *Bremen* still applied but concluded that *Atlantic Marine* precluded reliance on private interests in determining whether the forum-selection clause was enforceable.[5]

*Bremen* has been settled law for over forty years. Furthermore, *Bremen* and *Atlantic Marine* stand for the same general principle: that a forum-selection clause should be honored in most circumstances. *Martinez,* 740 F.3d at 219 ("*Atlantic Marine,* however, plainly reaffirms *Bremen's* identification of a strong federal public policy supporting the enforcement of forum selection clauses."). *Atlantic Marine* did not overrule *Bremen*, nor is the holding of *Atlantic Marine* inconsistent with *Bremen.* If the court did not apply *Bremen*, it would be left without a settled means of assessing the validity of the forum-selection clause. Accordingly, the court agrees with the position taken by the majority of courts and will apply *Bremen*, as interpreted by the Eighth Circuit, to determine

---

[4] *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No 4:10-CV-1153 (CEJ), 2014 WL 4450467, at *4 (E.D. Mo. Sept. 10, 2014) (determining that the forum-selection clause was valid based on contract law rather than *Bremen* and therefore imposing the "extremely high bar of *Atlantic Marine*"); *Guest Assocs., Inc. v. Cyclone Aviation Prods., Ltd.*, No. 5:13-cv-01667-JHE, 2014 WL 2973152, at *2 (N.D. Ala. June 30, 2014) (distinguishing between validity of a forum-selection clause, which is based on reasons such as fraud or overreaching under contract law, and enforceability of a forum-selection clause because it is unreasonable or unjust under *Bremen*).

[5] *See Monastiero v. appMobi, Inc.*, No. C 13-05711 SI, 2014 WL 1991564, at *3 (N.D. Cal. May 15, 2014) (reconsidering whether a forum-selection clause was enforceable without considering private interests because *Atlantic Marine* prohibited such considerations).

whether a forum-selection clause is valid before deciding whether to transfer under § 1404(a).[6]

In the Eighth Circuit, "*Bremen* provides the proper analysis for determining the enforceability of a forum selection clause . . . ." *Union Elec.*, 689 F.3d at 974. Furthermore, "consideration of the public policy of the forum state must be part of that analysis." *Id.* After applying *Bremen* and analyzing the public policy of South Dakota, this court previously found that the forum-selection clause in this case was not enforceable. Docket 9 at 7-14. MAC does not challenge this portion of the court's determination, but rather contends that *Union Electric* is no longer good law. Docket 19 at 2.

*Union Electric* emphasized that the motion before the *Stewart* court was a motion to transfer under § 1404(a). Because there was no motion to dismiss raised in *Stewart*, the *Union Electric* court declined to give *Stewart* an expansive reading. *Union Elec.*, 689 F.3d at 972. Apart from deciding procedural issues, *Union Electric* addressed how courts should apply the *Bremen* standard, and it specifically held that a district court applying *Bremen* must consider the public policy of the forum state. *Id.* at 973-74. To the extent that *Union Electric* read *Stewart* narrowly and allowed a forum-selection clause to be enforced by a

---

[6] The court disagrees with MAC's contention that *Bremen* does not apply when determining the validity of a forum-selection clause for purposes of *Atlantic Marine*. *See Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 791 (8th Cir. 2006) ("We are unconvinced that such a permissive venue statute constitutes the kind of 'strong public policy' sufficient to *invalidate* a forum selection clause under *Bremen* . . . ." (emphasis added)); 14D Charles Alan Wright et al. *Federal Practice and Procedure* § 3803.1 (4th ed.) ("Assuming that the [forum-selection] clause cannot be *invalidated* for any of the reasons allowed for attack by *M/S Bremen* and *Carnival Cruise* . . . ." (emphasis added)).

motion under § 1406 or a Rule 12(b)(3) motion, that reading is no longer tenable following *Atlantic Marine*. *See Atlantic Marine*, 134 S. Ct. at 580 (stating that a forum-selection clause may not be enforced via a motion under § 1406 or Rule 12(b)(3)). But *Atlantic Marine* does not alter *Union Electric's* directive that in the Eighth Circuit, the validity of a forum-selection clause is evaluated using the *Bremen* standard, and a court commits reversible error if it does not examine the public policy of the forum state.

Similarly, *Stewart* did not address how a district court should apply the *Bremen* factors. Instead, *Stewart* makes clear that federal law, not state law, applies to a motion to transfer under 1404(a). But in situations where the court should apply *Bremen*, *Stewart* does not alter that approach. Therefore, *Stewart* does not undermine the applicability of *Bremen* and *Union Electric* to the determination of the enforceability of a forum-selection clause.

In its April 14, 2014, order, this court first had to decide whether the forum-selection clause involved in this case was enforceable because that would determine whether the court applied the ordinary § 1404(a) analysis or the altered analysis set forth in *Atlantic Marine*. The court applied *Bremen* and followed *Union Electric's* directive to consider the public policy of the forum state and determined that the forum-selection clause was unenforceable.

After making the determination that the forum-selection clause in this case was unenforceable, the court applied § 1404(a). Docket 9 at 15-17. After weighing the factors laid out by Congress, the court determined that transfer was inappropriate in this case. Such an analysis comports with *Stewart's*

directive that Congress's instructions in § 1404(a) are supreme and is consistent with *Atlantic Marine* because the court applied the normal § 1404(a) standards in the absence of an enforceable forum selection clause.[7] Therefore, the authority provided by MAC does not compel a different result, and the motion to reconsider is denied.

## II.    Interlocutory Appeal

MAC asks this court to certify its interlocutory order for immediate appeal contending that it would not have adequate remedy at law for an improper failure to transfer if it was required to wait until the appeal was completed. Black Hills opposes the motion.

A district court may certify an interlocutory order for immediate appeal by stating "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, this matter meets all three requirements. Because the question is one of venue, the case would be resolved in its entirety at least to the extent this court is involved. The questions involved are purely questions of law. And as discussed previously, the courts have not reached a consensus on the interplay between *Atlantic Marine, Stewart,* and *Union*

---

[7] The core of MAC's argument is that the court should have enforced the forum-selection clause because this is not one of the extraordinary circumstances mentioned in *Atlantic Marine*. But MAC overlooks the fact that an unenforceable forum-selection clause does not carry the overwhelming weight that the Supreme Court discussed in *Atlantic Marine* because the *Atlantic Marine* decision assumed a situation in which there was an enforceable forum-selection clause. *See Atlantic Marine*, 134 S. Ct. at 581 n.5.

*Electric.* As a result, the court grants MAC's motion to certify this order for immediate appeal because the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order would materially advance the ultimate termination of the litigation. It is

ORDERED that MAC's motion to reconsider (Docket 13) is denied.

IT IS FURTHER ORDERED that MAC's motion to amend the court's prior order to include certification for interlocutory appeal (Docket 13) is granted.

Dated November 6, 2014.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE