UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BLACK HILLS TRUCK & TRAILER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MAC TRAILER MANUFACTURING, INC., <br><br> Defendant. | 4:13-CV-04113-KES <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DETERMINE GOVERNING LAW AND PLAINTIFF'S MOTION TO AMEND COMPLAINT |

Plaintiff, Black Hills Truck & Trailer, Inc., brings this action against defendant, MAC Trailer Manufacturing, Inc., seeking damages for alleged violations of the parties' franchise agreement, state law, and federal law. MAC moves this court for an order stating Ohio law will govern the dispute, and Black Hills moves for an order granting it leave to amend its complaint. This court grants in part and denies in part both motions.

**BACKGROUND**

The undisputed facts are as follows:

Black Hills Truck & Trailer, Inc., is a corporation organized and operating in South Dakota. Black Hills entered into a distributor selling agreement with MAC, an Ohio corporation. The agreement gave Black Hills the right to sell commercial flatbed and dump truck trailers in select counties in South Dakota and Nebraska. Docket 1-1 at 14, 18-19. The agreement also

stated that "[t]his Agreement and performance hereunder shall be governed by, and construed in accordance with, as to all matters . . . the laws of the State of Ohio, U.S.A." Docket 1-1 at 28.

About nine months after the parties signed the agreement, MAC sent Black Hills a modified distributor selling agreement and a letter outlining the changes. Docket 1-1 at 25. The new agreement put restrictions on Black Hills' marketing, sales, and repair work done outside the Rapid City area. Docket 1-1 at 25-26. Black Hills never consented to the proposed changes. Docket 1-1 at 5; Docket 15 at 1. MAC then sent a letter to Black Hills stating MAC would not accept any orders from Black Hills until the new agreement was signed. Docket 1-1 at 35. Black Hills responded by letter stating it did not agree to the proposed changes. The parties' relationship ended in 2013 when MAC failed to renew its sales agreement with Black Hills.

Black Hills filed its complaint in South Dakota state court asserting six causes of action: violation of SDCL 32-6B-45, breach of contract, breach of good faith and fair dealing, preliminary injunction, deceit, restraint of trade, and violation of Robinson-Patman Act. MAC removed this case to federal court on October 11, 2013. MAC moved to dismiss the case, asserting South Dakota was an improper venue based on a forum selection clause within the parties' agreement. This court denied MAC's motion. MAC now moves for an order stating Ohio law will govern the parties' dispute, and Black Hills moves for leave to amend its complaint.

# I. MOTION TO DETERMINE GOVERNING LAW

## LEGAL STANDARD

The parties agree that when a federal question case involves the exercise of supplemental jurisdiction over state-law claims, the federal court applies the forum state's choice of law rules. Docket 32 at 3; Docket 34 at 4. *See also Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009) (citation omitted); *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006) (citation omitted). Because this action was filed in South Dakota, the court will apply South Dakota choice of law rules.

## DISCUSSION

The South Dakota Supreme Court has "generally recognized that parties may agree to be bound by the law of a particular state." *Dunes Hosp., L.L.C. v. Country Kitchen Int'l, Inc.*, 623 N.W.2d 484, 488 (S.D. 2001). "In South Dakota, a stipulation that provides the governing law is permitted," but such "agreements are subject to limitation and invalidation by the overriding public policy of the forum state." *Id.* (citing and quoting *State ex rel. Meierhenry v. Spiegel, Inc.*, 277 N.W.2d 298, 299 (S.D. 1979)). The courts will not "give effect to laws of other jurisdictions if [the laws] are contrary to the public policy of South Dakota." *Butler Mach. Co. v. Morris Constr. Co.*, 682 N.W.2d 773, 776-77 (S.D. 2004) (citing *Dunes*, 623 N.W.2d at 488)). In South Dakota, "[t]he primary sources for declarations of . . . public policy . . . are the constitution, statutory law, and judicial decisions." *Spiegel*, 277 N.W.2d at 300. "[A]ny contract

provision which is contrary to an express statute or to the policy of an express statute is unlawful." *Id.* (citing SDCL 53-9-3).

The South Dakota Supreme Court looks to provisions of the Restatement (Second) of Conflict of Laws when there is a dispute about which state's law governs. *Dunes*, 623 N.W.2d at 488. Section 187 of the Restatement explains a choice of law clause in a contract will be enforced unless

> application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

§ 187(2) Restatement (Second) of Conflict of Laws. Thus, the issues before the court on MAC's motion are (1) whether application of Ohio law is contrary to the public policy of South Dakota; (2) whether South Dakota has a materially greater interest than Ohio in this litigation; and (3) whether South Dakota law would govern this dispute if the parties had not agreed to a choice of law provision in their contract. This court will address each of Black Hills' causes of action separately.

**A.   Violation of SDCL 32-6B-45 and preliminary injunction**

    **1.   Public policy**

South Dakota has a strong public policy interest in enforcing SDCL 32-6B-45. Evidence of this intent is found in SDCL 32-6B-85. The statute authorizes vehicle franchisees to bring a civil action in South Dakota against franchisors for violations of SDCL 32-6B-45 to 32-6B-83, even if there is a "vehicle dealer agreement or waiver to the contrary . . . ." SDCL 32-6B-85.

4

Franchisors are unable to contract around the protections provided by SDCL 32-6B-45 to 32-6B-83. Franchisees are guaranteed the opportunity to bring a cause of action in a South Dakota forum for such violations. Remedies include injunctive relief, actual damages sustained, court costs, disbursements, and reasonable attorney fees. *Id.* The plain meaning and text of SDCL 32-6B-85 shows South Dakota has a fundamental public policy interest in protecting its franchisees.

### 2.     Materially greater interest

The Eighth Circuit Court of Appeals has recognized that differences in substantive state law can be the basis for finding that a forum state has a materially greater interest in enforcing its law than the parties' chosen state. In *DCS Sanitation Management, Inc. v. Castillo*, 435 F.3d 892, 896-97 (8th Cir. 2006), the Eighth Circuit affirmed a Nebraska district court's decision to apply Nebraska law regarding noncompete agreements even though the parties' contract stated Ohio law would govern. The Eighth Circuit explained that "Nebraska and Ohio courts have materially different approaches to the reformation of unreasonable noncompete agreements." *Id.* at 897. Because of the difference in substantive law, the court held that Nebraska had a materially greater interest in the parties' agreement than Ohio. *Id.*; *see also Martino v. Cottman Transmission Sys., Inc.*, 218 Mich. App. 54, 61 (Mich. Ct. App. 1996) (holding Michigan had a materially greater interest than parties' chosen state in application of franchise law because Michigan franchisees would lose substantial protections if chosen state's law applied).

The substantive differences in South Dakota and Ohio law necessitate the application of South Dakota law. Under SDCL 32-6B-45:

> A vehicle manufacturer shall provide a vehicle dealer at least ninety days prior written notice of termination, cancellation, or nonrenewal of the dealership agreement. The notice shall state all reasons constituting good cause for the action and shall provide that the dealer has sixty days in which to cure any claimed deficiency. If the deficiency is rectified within sixty days, the notice is void.

SDCL 32-6B-45. Additionally, under SDCL 32-6B-69, franchisees must be given sixty days' notice about any changes to the franchise agreement if "modification would substantially and adversely affect the vehicle dealer's rights, obligations, investment, or return on investment . . . ." Ohio law does not provide the same protections. Because application of Ohio law would result in Black Hills losing protections ensured by SDCL 32-6B-85, South Dakota has a materially greater interest than Ohio in the determination of this matter.

### 3.    Governing law if no contract

The last issue is whether South Dakota law would govern absent a choice of law provision by the parties. SDCL 32-6B-85 states South Dakota law governs violations of SDCL 32-6B-45 to SDCL 32-6B-83. Thus, if the parties had not entered into an agreement stating Ohio law would govern, SDCL 32-6B-45 to 32-6B-83 and 32-6B-85 would be controlling. Because the requirements of § 187 of the Restatement (Second) Conflict of Laws are met,

South Dakota law will govern Black Hills' first cause of action: violation of SDCL 32-6B-45.[1]

**B.   Restraint of trade**

Applying South Dakota's choice of law rules, South Dakota law will apply to the restraint of trade cause of action only if South Dakota has a materially greater interest than Ohio in the resolution of the claim. If the application of Ohio law would not strip Black Hills of protections under South Dakota law, then the parties' choice of law provision will be enforced, and Ohio law will govern. Thus, the question before the court is whether South Dakota law provides Black Hills with substantive protections that Ohio law does not.

South Dakota and Ohio both have laws prohibiting illegal restraints of trade. South Dakota law voids "[a]ny contract restraining exercise of a lawful profession, trade, or business . . . ." SDCL 53-9-8. Ohio law prohibits corporations from "creat[ing] or carry[ing] out restrictions in trade or commerce." Ohio Rev. Code Ann. § 1331.01 (West). Both statutes regulate attempts to limit marketplace competition. *See State ex rel. Brown v. Palzes, Inc.*, 317 N.E.2d 262, 266-267 (Ct. C.P. Cuyahoga Cty 1974) (holding that lease provision limiting direct competition in a shopping mall was price fixing and an illegal restraint of trade); *Simpson v. C & R Supply, Inc.*, 598 N.W.2d 914, 919-20 (S.D. 1999) (holding overly broad covenant not to compete is invalid). Both statutes are designed to prevent unlawful anticompetitive behavior.

---

[1] Black Hills moves for leave to amend its complaint. In its amended complaint, Black Hills removes the cause of action for injunction. Because of this change, the injunction claim will be discussed in Part II of this opinion.

There is no indication that there is a relevant, substantive difference between Ohio and South Dakota law on restraints of trade. Because there is no indication that there is a relevant, substantive difference between the application of Ohio and South Dakota law, the parties' choice of law provision will control. Ohio law will govern the state-law restraint of trade claim. [2]

**C.     Breach of contract and breach of good faith and fair dealing[3]**

Similarly, the breach of contract claim will be governed by South Dakota law only if South Dakota has a materially greater interest than Ohio in the resolution of the dispute. To be successful on a breach of contract claim under South Dakota law, a plaintiff must prove there was an enforceable promise, a breach of the promise, and resulting damages." *Guthmiller v. Deloitte & Touche, LLP*, 699 N.W.2d 493, 498 (S.D. 2005).  Under Ohio law, "[A] plaintiff must establish the existence and terms of a contract, the plaintiff's performance of the contract, the defendant's breach of the contract, and damages or loss to the plaintiff." *Andrew v. Power Mktg. Direct, Inc.*, 978 N.E.2d 974, 986 (Ohio Ct. App. 2012). Ohio courts also recognize the doctrine of anticipatory repudiation, which means that "[w]hen a contracting party repudiates the contract prior to

---

[2] Black Hills states its restraint of trade cause of action is based on "SDCL 53-9-8 or other applicable law." Docket 1-1 at 9. If Black Hills pursues a federal restraint of trade claim, federal law will govern.

[3] Under South Dakota and Ohio law, the implied covenant of good faith and fair dealing is not a stand-alone cause of action but an obligation derived from the contract itself. *Pappas v. Ippolito*, 895 N.E.2d 610, 622 (Ohio Ct. App. 2008); *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 842 (S.D. 1990). Therefore, the good faith and fair dealing cause of action will be governed by the same law as the breach of contract cause of action.

the time that such party's performance is due . . . the injured party has an immediate action for damages for total breach. Farnsworth, Contracts (1983) 627-628, Section 8.20." *Daniel E. Terreri & Sons, Inc. v. Mahoning Cty. Bd. of Commrs.*, 786 N.E.2d 921, 928-29 (Ohio Ct. App. 2003) (quoting *Farmers Comm. Co. v. Burks*, 719 N.E.2d 980 (Ohio Ct. App. 1998)). The non-repudiating party is not required to perform under the terms of the contract before enforcing the contract. *Id.*

In essence, the elements for a breach of contract action are the same in Ohio and South Dakota. Because there is not a relevant, substantive difference between Ohio and South Dakota law on breach of contract, the parties' agreement will be upheld, and Ohio law will govern the breach of contract claim.

**D.   Deceit**

Lastly, Black Hills brings a cause of action against MAC for deceit. Black Hills alleges, "MAC promised [Black Hills] the ability to sell MAC products in the Nebraska [area of responsibility] throughout the entire duration of the [sales] Agreement" and that "MAC made the promise of granting the Nebraska territory without the intention of allowing [Black Hills] to keep the territory on a long term basis or throughout the duration of the Agreement. Docket 1-1 at 10-11. As explained above, South Dakota law will apply to the deceit claim only if South Dakota has a materially greater interest than Ohio in the resolution of the dispute.

South Dakota and Ohio have similar causes of action for deceptive and fraudulent acts. Under SDCL 20-10-1, "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Ohio law provides a similar cause of action: fraud. The elements of fraud are

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Burr v. Bd. of Cty. Comm'rs of Stark Cty.*, 491 N.E.2d 1101, 1105 (Ohio 1986) (quoting *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 169 (Ohio 1984)) (internal quotation marks omitted). In large part, the South Dakota cause of action for deceit is the same as the Ohio cause of action for fraud. Both causes of action prohibit a party from making statements which are false, misleading, and detrimental to another.

Similar to the claims for restraint of trade and breach of contract, there is no indication that there is a relevant, substantive difference between the South Dakota law on deceit and the Ohio law on fraud. Because the application of Ohio law is not inconsistent with South Dakota public policy, the parties' choice of law clause will be upheld, and Ohio law will govern.

## II. MOTION TO AMEND COMPLAINT

### LEGAL STANDARD

Motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend is denied only if evidence exists "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### DISCUSSION

Black Hills seeks to make the following changes to its complaint: (1) add an additional cause of action against MAC for violations of the Nebraska Motor Vehicle Dealer Act; (2) add Siouxland Trailer Sales, Inc., as a defendant; (3) add an action against Siouxland Trailer for tortious interference with present and prospective business advantage; and (4) remove the injunction cause of action. MAC's only objection is to Black Hills asserting a claim under Nebraska law.[4] Based on this court's decision on MAC's motion to determine governing law, this court finds that South Dakota does not have a public policy interest in enforcing Nebraska law. Thus, the Ohio choice of law provision is controlling, and Black Hills' request to add an additional cause of action based on the Nebraska Motor Vehicle Dealer Act is denied on the ground of futility. The other amendments will be permitted.

---

[4] Docket 42 ("MAC respectfully requests that the Court deny Plaintiff's Motion to the extent Plaintiff seeks to assert claims under Nebraska law . . . .")

11

## CONCLUSION

Based on the foregoing, MAC's motion to determine governing law and Black Hills' motion to amend its complaint are each granted in part and denied in part. Therefore, it is

ORDERED that

1. South Dakota law will apply to Black Hills' cause of action for violation of SDCL 32-6B-45.

2. Ohio law will apply to Black Hills' causes of action for breach of contract, breach of good faith and fair dealing, deceit, and restraint of trade.

3. Federal law will apply to Black Hills' claim for violation of the Robinson-Patman Act.

4. Black Hills may not amend its complaint to include a claim for violation of the Nebraska Motor Vehicle Dealer Act.

5. Black Hills may amend its complaint to add Siouxland Trailer as a defendant, add the tortious interference with present and prospective business advantage cause of action, and remove the injunction cause of action.

Dated December 9, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE